## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE | ) | |
| LINE COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0050-CVE-FHM |
| | ) | |
| G.A. WEST & COMPANY, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant G.A. West & Company, Inc.'s (GAW) motion to dismiss (Dkt. # 11) and, in the alternative, motion to stay (Dkt. # 14). GAW asserts that a suit is pending in Pennsylvania state court involving the same parties and issues as this matter. Dkt. # 11, at 1. GAW asks the Court to dismiss or stay this action under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Id. Plaintiff Transcontinental Gas Pipe Line Company, LLC (Transco) responds that the Court need not engage in Colorado River analysis because a mandatory forum selection clause dictates that this matter must be litigated in Tulsa, Oklahoma. Dkt. # 18, at 11. Alternatively, Transco argues that Colorado River abstention is not appropriate in this case. Id. at 17.

On January 6, 2015, the parties entered into an agreement for a pipeline construction project in Luzerne County, Pennsylvania. See Dkt. # 2-1. On February 12, 2015, the parties entered into a second agreement for an additional construction project in Columbia County, Pennsylvania. See Dkt. # 2-2. Both contracts contain identical choice of law and forum selection clauses, which state that "[t]he laws of the State of Oklahoma, excluding its choice of law principles, shall govern this

Contract. . . . Jurisdiction and venue shall lie exclusively with the appropriate courts of Tulsa County, Oklahoma." Dkt. # 2-1, at 24-25; Dkt. # 2-2, at 24-25. Both projects ran into trouble and were not completed, and GAW filed suit on August 3, 2016 against Transco in the Court of Common Pleas of Luzerne County, Pennsylvania, alleging breach of contract, misrepresentation, suppression, and violation of the Pennsylvania Contractor and Subcontractor Payment Act, 73 Pa. Cons. Stat. § 501 et seq. (CASPA). Dkt. # 11-2. On January 30, 2017, Transco filed suit against GAW in this Court, alleging breach of contract, negligence, and negligent injury to property. Dkt. # 2.

GAW asks the Court to dismiss or stay these proceedings under the Colorado River doctrine because the same parties are already litigating the same issues in the Pennsylvania suit. Dkt. # 11, at 1. Transco argues that the Colorado River doctrine is not at issue because there is an enforceable, mandatory forum selection clause that requires litigation arising from the parties' contracts to be conducted in Tulsa, Oklahoma. Dkt. # 18, at 11. GAW argues that the forum selection clause is unenforceable. Dkt. # 11, at 2 n.1. The Court will first consider the forum selection clause.

The first question is the law applicable to the forum selection clause. GAW does not cite any law to support its arguments regarding the forum selection clause, see id., and Transco assumes federal law applies. See Dkt. # 18, at 12. However, a forum selection clause should be interpreted in accordance with the law chosen by the contracting parties. Yavuz v. 61 MM, Ltd., 465 F.3d 418, 428 (10th Cir. 2006) (citing Restatement (Second) of Conflict of Laws § 204(a)). Here, the parties have agreed to have Oklahoma law govern the contract. Dkt. # 2-1, at 24; Dkt. # 2-2, at 24. Thus, the Court will apply Oklahoma law to the forum selection clause.

Forum selection clauses fall into two general categories – mandatory and permissive. See Beverly Enters.-Tex., Inc. v. Devine Convalescent Care Ctr., 273 P.3d 890, 894 (Okla. Civ. App. 2012) (citing Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318 (10th Cir. 1997); K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft (BMW), 314 F.3d 494 (10th Cir. 2002); American Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921 (10th Cir. 2005)). A permissive forum selection clause permits suit to be brought in a particular jurisdiction, but does not prevent the parties from litigating in a different forum. Id. "[A] mandatory forum selection clause contains clear language demonstrating litigation is appropriate in only a designated forum." Id.

The contractual provision in this case is a mandatory forum selection clause. The contract states that "[j]urisdiction and venue shall lie exclusively with the appropriate courts of Tulsa County, Oklahoma." Dkt. # 2-1, at 25; Dkt. # 2-2, at 25 (emphasis added). The provision does not simply permit the parties to litigate in a specified forum, but clearly mandates a specific forum as the only venue appropriate for any dispute arising out of the agreement.

Where there is a valid forum selection clause, the burden is on the party resisting enforcement to show that enforcement of the clause would be unreasonable under the circumstances. Tucker v. Cochran Firm-Criminal Defense Birmingham LLC, 341 P.3d 673, 683 (Okla. 2014). "Because the private interests in selecting a forum for disputes have been determined contractually between the parties, a party challenging the selection is usually left only two choices, challenging the validity of the forum-selection clause or showing that public interest or public policy requires non-enforcement of the clause." Id. at 683-84.

Here, GAW does not challenge the validity of the forum selection clause, but argues that the provision is unenforceable. Dkt. # 11, at 2 n.1. First, GAW argues that the forum selection clause is negated for claims brought under CASPA. Id. But, even if that were correct, there is no CASPA claim in this suit. Second, GAW argues that there is not a sufficient relationship between Oklahoma and the causes of action or parties in this case to enforce the forum selection clause. Id. However, GAW has not carried its burden to show that Oklahoma is such an inconvenient forum that enforcing the forum selection clause would be contrary to public interest or public policy. GAW simply asserts that there is no connection between Oklahoma and the parties and/or actions giving rise to this suit. Id. Transco, on the other hand, asserts that Tulsa, Oklahoma is its principal place of business. Dkt. # 18-1, at 1. The burden is on GAW to show that Oklahoma would be so inconvenient a forum that to enforce the forum selection clause would be against public interest or public policy. A conclusory statement that there is no connection to Oklahoma, which is disputed by Transco, is not sufficient to meet GAW's burden. Cf. Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 958 (10th Cir. 1992) ("Only a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice, would be sufficient to defeat a contractual forum selection clause.").

"[A]bsent compelling reasons otherwise, forum selection clauses are enforceable." Howard Family Charitable Found.,Inc. v. Trimble, 259 P.3d 850, 862 (Okla. Civ. App. 2011). The Court finds no reason not to enforce the forum selection clause in this case. Because the forum selection clause is mandatory and enforceable, and the parties agree that Transco's claims all arise from the two contracts, Dkt. # 11, at 7; Dkt. # 18, at 11, the only appropriate venue for this suit is "the appropriate courts of Tulsa County, Oklahoma."

However, the Court does not agree with Transco that venue is proper in this Court under the forum selection clause. The provision states that "[j]urisdiction and venue shall lie exclusively with the appropriate courts of Tulsa County, Oklahoma." Dkt. # 2-1, at 25; Dkt. # 2-2, at 25. The Oklahoma Supreme Court has not addressed the issue of whether "courts of" a specific place includes federal courts. But other courts have interpreted "of" to indicate sovereignty, not geography. See, e.g., New Jersey v. Merrill Lynch & Co., 640 F.3d 545, 549 (3rd Cir. 2011); FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 755 (4th Cir. 2010); Doe 1 v. AOL LLC, 552 F.3d 1077, 1082 (9th Cir. 2009); American Soda, 428 F.3d at 926; Dixon v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003); LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 6 (1st Cir. 1984). These courts have held that designating the courts "in" an area means both state and federal courts geographically located in that area, but designating the courts "of" an area means courts originating from that area. See, e.g., Doe 1, 552 F.3d at 1082. Federal courts do not originate in a state or county, but in the federal government. American Soda, 428 F.3d at 926.

Applying these cases to the forum selection clause in this matter, "courts of Tulsa County, Oklahoma" refers only to state courts. Thus, this Court is not the appropriate venue for this suit. This Court cannot transfer a case to an Oklahoma state court. Therefore, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). See Riley, 969 F.2d at 956 (affirming district court's dismissal based on a forum selection clause under Rule 12(b)(3)).

**IT IS THEREFORE ORDERED** that this case is **dismissed** pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that defendant G.A. West & Company, Inc.'s motion to dismiss (Dkt. # 11) and motion to stay (Dkt. # 14) are **moot**.

**DATED** this 27th day of April, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE